UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 13-cv-02508** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **LOUISIANA JETTY AND LIGHTERING CO. OF NEW ORLEANS** | : | **MAGISTRATE JUDGE KAY** |

## WRITTEN REASONS

Before the court is defendant, Louisiana Jetty and Lightering Co. of New Orleans' "Motion to Dismiss" for failure to join necessary parties [doc. 68] filed June 5, 2015. After reviewing the supporting memorandum and the oppositions thereto filed by the United States and the State of Louisiana, and having considered oral arguments on the issue at a hearing on August 18, 2015, the motion was **DENIED** in open court for the reasons provided herein.

## I.
### BACKGROUND

This is a condemnation action brought by the United States (hereafter "the government") exercising its power of eminent domain through a Declaration of Taking and for determination of just compensation owed to the parties in interest—Louisiana Jetty (hereinafter "Jetty") and the State of Louisiana (hereafter "the state"). Doc. 1. Jetty, the owner of the condemned parcel answered by *inter alia* disputing the value of the property as asserted by the government and further alleging that it is the owner of property adjacent to the condemned property and separating the condemned property from the Sabine River. Louisiana. Jetty claims this land (referred to hereafter as "the disputed remainder parcel") was formed through the process of accretion, rendering it

alluvion that would belong to the owner of the bank (Jetty before condemnation) through operation of law. Docs. 6; 16, p. 3 (relying on La. C.C. art. 499). Through this affirmative defense Jetty has maintained that it is owed additional compensation for "severance damages" suffered through this separation of the condemned property from the disputed remainder parcel. Doc. 16, p. 4. The state of Louisiana has asserted that it owns this adjacent tract under Louisiana law since the tract is not alluvion but rather is man-made and not the result of natural buildup. *See e.g.* Doc. 42, p. 8. At a scheduling conference before this court, it was determined that the issues of ownership of the disputed remainder parcel should be severed from the issue of compensation. Separate trial dates were set. The "title trial" is set for October 13, 2015, and the "compensation trial" was set for approximately October 15, 2016. *See* Doc. 33.

Jetty has filed this motion asking that we either (1) order the government to join various "necessary" parties, namely several landowners upriver and downriver of the disputed remainder parcel who were joined as parties in a separately pending state court action to determine ownership thereof or, alternatively, (2) dismiss this action altogether pursuant to rule 12(b)(7) of the *Federal Rules of Civil Prcoedure*. Jetty argues that these individuals are necessary parties because their interests in land outside of the condemned portion will be affected by this court's determination of ownership with respect to the disputed remainder parcel. Doc. 68, p. 1; *Id.*, att. 1, p. 6

The government and the state (which primarily adopted the government's argument [*see* doc. 72, p.1]) oppose, arguing that Jetty is attempting to apply rules 19 and 12(b)(7) of the *Federal Rules of Civil Procedure* when rule 71.1, which governs the procedure in condemnation actions, actually controls. Doc. 71, p. 5. The government and the state assert that rule 71.1 identifies necessary parties as the property, itself, and all those who claim an interest in the *condemned* property. According to the state and the government, the adjacent landowners do not claim

interests in the condemned portion. *Id*. at pp. 5-6. Further the government and the state claim that rule 71.1 also prevents dismissal where title has already transferred to the United States. *Id*. at p. 2. The government further indicates that, to the extent it is determined that any other landowner's property is effected in the determination of the boundary of the now non-existent shoreline, the declaration will be amended so as to limit condemnation only to the portion owned by Louisiana Jetty as described in its 1884 deed. *Id*. at p. 7.

## II.
## LAW & ANALYSIS

Rule 71.1 of the *Federal Rules of Civil Procedure* "govern[s] proceedings to condemn real and personal property by eminent domain, except as [that] rule provides otherwise." Thus, the provisions of rule 71.1 control all procedural issues in condemnation actions to the extent specific provisions of the rule address a particular procedural matter; otherwise, the general provisions of the Federal Rules of Civil Procedure apply. Here, as we already recognized in our ruling denying Jetty's Motion to Stay [doc. 64], this action is indeed a condemnation action as contemplated by rule 71.1 and so that rule controls. With respect to which parties must be joined to such an action, the rule explicitly provides that "when the action commences, the *plaintiff need join as defendants only those persons who have or claim an interest* in the [condemned] property and whose names are then known." *Id*. (emphasis added).

Jetty's argument to the contrary notwithstanding neither rules 12 nor 19 of the *Federal Rules of Civil Procedure* are applicable here. By virtue of the plain language of the governing rule, rule 71.1, the landowners adjacent to the disputed remainder parcel are not "necessary" to this action as they claim no interest in the condemned parcel.

## III.
## CONCLUSION

For the foregoing reasons, the plaintiff's motion to dismiss [doc. 68] is **DENIED**.

-4-

THUS DONE AND SIGNED in Chambers this 24th day of August, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE